Argued September 13, affirmed December 14, 1972

GOMEZ, *Appellant, v.* FLINT, *Respondent.*

504 P2d 98

*Tony Pizzuti,* Portland, argued the cause for appellant. With him on the brief were Pizzuti, Mautz & Ireland, Portland.

*James H. Clarke,* Portland, argued the cause for respondent. With him on the brief were McColloch, Dezendorf, Spears & Lubersky and Robert E. Maloney, Jr., Portland.

DENECKE, J.

The plaintiff was a passenger in an automobile and was injured when the automobile collided with defendant's automobile at an intersection. In the forthcoming injury action the jury returned a verdict for the defendant and plaintiff appeals.

The sole issue concerns the defense of contributory negligence.

This is another case in which the controversy is really not about the law, but about inferences permissible from the evidence.

The verdict was for the defendant; therefore, the evidence will be interpreted most favorably to the defendant.

The plaintiff was in the front seat of a Barracuda in which he was being driven home by a girl. The time was 2:30 a.m. The car was going about 35 to 40 miles per hour in a 35-mile zone. They approached an intersection controlled by a signal. The plaintiff watched the signal "continuously." The light turned yellow. The jury could have found the driver accelerated to about 50 to 55 miles per hour; however, the yellow light, which is on 3.6 seconds, turned to red when the car was two or three car lengths from the intersection. The defendant entered from the street

on plaintiff's right. A witness testified the defendant had the green light. The plaintiff's driver tried to swerve around defendant's car but failed and the collision occurred. Immediately after the accident, plaintiff's driver appeared to a witness to be under the influence of narcotics.

The trial court instructed on plaintiff's alleged contributory negligence:

"In connection with those charges of contributory negligence, I instruct you that, except in exceptional situations, a guest or a passenger in a vehicle is not required to keep a constant lookout for other vehicles upon the roadway. He is not supposed to be a backseat driver, in other words. However, if the driver is recklessly or carelessly driving into danger and the passenger has an opportunity to protest or to take other measures for his own safety and fails to do so, then you may find such failure to be contributory negligence on the part of the passenger.

"Accordingly, if you find that a reasonable and prudent person in the position of the plaintiff, under the circumstances then existing, would have protested as to the manner in which the car was being driven, and if you find that the plaintiff, with knowledge of the manner in which the car was being operated and of the other conditions then and there existing, failed to protest to the driver, then you may find the plaintiff negligent in failing to so act."

Plaintiff excepted to such instruction:

"Well, on the grounds that it allows the jury to consider what a reasonable man would see as a passenger, how a reasonable man would act, or what a reasonable man would have an opportunity to notice of the driver. I don't believe the standard under the law of Whiting versus Andros [sic] is a reasonable-man standard.

"It is not what a passenger has a reasonable

occasion to see or notice or observe; it is what he actually sees and what he does know."

■■ Any ambiguity in the instruction on whether plaintiff had to know of his driver's negligence was corrected by the last paragraph in which the trial court instructed, "and if you find that the plaintiff, with knowledge * * *." The exception was not well taken. We need not decide whether the instruction is deficient in some respect other than that urged by plaintiff in his exception.

■ Plaintiff also assigned as error the trial court's failure to strike the defendant's affirmative defense of contributory negligence. The motion was made before trial and upon the ground that contributory negligence is not "a defense against a passenger." Contributory negligence can be a defense and defendant properly raised the defense by alleging plaintiff was aware of the negligent driving of his driver at a time when he had an opportunity to act. The trial court did not err.

After all the evidence was in plaintiff also moved to strike the affirmative defense because defendant failed "to prove any knowledge on Mr. Gomez' part * * *." From the evidence which we have stated the jury could have found Mr. Gomez had knowledge that his driver was operating in a negligent fashion.

Affirmed.